UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R. HULL, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-03-1524 |
| | : |
| FRANK D. GILLIS, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

# **M E M O R A N D U M**

## **Background**

This civil rights action pursuant to 42 U.S.C. § 1983 proceeds on an amended complaint filed by Donald R. Hull on October 10, 2003. Hull is currently confined at the State Correctional Institution at Fayette, Pennsylvania. Named as defendants in this action are various officials and employees at the State Correctional Institution at Coal Township, the Department of Corrections and the Pennsylvania Board of Probation and Parole. Hull maintains that defendants violated his constitutional rights by (1) continuously denying him the opportunity to be heard at his parole staffings; (2) placing prejudicial and discriminatory information in his institutional record to thwart his parole release efforts; (3) retaliating against him for seeking redress; (4) violating the Ex Post Facto clause in his second parole hearing with regard to his refusal to participate in a sex offenders treatment program; and (5) making a mandatory requirement that he participate in Drug and Alcohol Treatment programs when he was not ordered to do so by the sentencing judge. As relief Hull seeks damages.

Procedurally, the case has been in discovery for some time. There have been numerous discovery motions filed by plaintiff. The latest discovery dispute was resolved in an Order issued by the court on March 17, 2005. While discovery in this case is closed, there is presently pending in the case a motion to compel filed by plaintiff on May 5, 2005 (Doc. 90), which has not yet been ruled upon. Also pending in the case is plaintiff's ripe "Motion to Plead Special Matters" (Doc. 81). These motions will be addressed pursuant to a separate Memorandum and Order to be issued by this court. Defendants have also filed a motion for summary judgment in this action (Doc. 64) which is not yet fully briefed.

In the instant Memorandum, the court will address the following pending motions filed by plaintiff: motion for leave to amend and supplement the pleadings (Doc. 62); motion for emergency preliminary injunction (Doc. 79) and motion for reinstatement of pre-trial conference (Doc. 84).[1]

**Discussion**

    **A.**    **Motion to amend/supplement the complaint**

On September 9, 2004, plaintiff filed a motion requesting leave to amend and supplement his complaint. (Doc. 62.) While in the caption of the motion he states that he seeks to remove and to add defendants to conform with the evidence, a review of the motion reveals that he actually seeks to add more claims as well as more parties to this litigation. At

---

[1] Also pending is a motion filed by defendants on March 31, 2005, for extension of time within which to respond to plaintiff's motion for pleading special matters. (Doc. 83). This motion will be granted nunc pro tunc and the opposition brief filed by defendants on April 18, 2005 (Doc. 87) accepted by the court as timely filed in this matter.

2

no point in the motion does plaintiff give any indication to the court what new claims/defendants he seeks to add.

Rule 15(a) of the Federal Rules of Civil Procedure provides this court with discretion to grant or deny leave to amend a pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The rule, however, advises that "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002). A denial of leave to amend where none of these factors are present is an abuse of discretion. Alvin v. Suzuki, 227 F.3d 107,121 (3d Cir. 2000). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., 573 F.2d at 823.

This action has been pending since September 1, 2003. There are twenty-five named defendants and an extended discovery period has taken place. While discovery disputes remain, the period for conducting new discovery has ended. Defendants have filed a motion for

3

summary judgment and the case is finally moving toward eventual resolution.  Plaintiff now seeks to amend and/or supplement his complaint in this action to add new claims and defendants.  Defendants oppose the motion and argue that this is yet another tactic on plaintiff's part to stall the resolution of the pending claims.  They argue undue delay by plaintiff in attempting to seek amendment and resulting prejudice if he is permitted to do so.

In his motion plaintiff gives no indication what type of new claims/defendants he seeks to add to his complaint and why he waited so long to seek amendment.  While he states that responses to discovery requests prompted his motion, he does not explain why he was prevented in bringing these claims earlier or unaware of these new claims when he brought the action.  Further, he does not specify what the claims involve and, as such, there is no way of even knowing if they are related to the underlying cause of action.  To allow amendment now, unaccompanied by a legitimate reason, which comes near the end of a lengthy discovery period would result in prejudice to defendants who have already engaged in discovery and filed a summary judgment motion in this case.  As such, the motion will be denied.

### B. Miscellaneous Motions

Also before the court are two additional motions filed by plaintiff that can be resolved with little elaboration.  The first is a motion for an emergency preliminary injunction filed on

February 14, 2005. (Doc. 79.)  Because plaintiff has failed to file a brief in support of his motion, the motion will be deemed withdrawn pursuant to M.D. Pa. Local Rule 7.5.[2]

In the other motion pending, plaintiff seeks the reinstatement of his request for a pre-trial conference in this case (Doc. 84.)  Because this case is at the point of finalizing discovery and in the midst of briefing defendants' motion for summary judgment, any request for a pre-trial conference is premature.  Accordingly, the motion will be denied without prejudice.

An appropriate Order follows.

---

[2] M.D. Pa. Local Rule 7.5 requires the submission of briefs in support of pretrial motions within ten (10) days after the filing of any motion.  The failure to do so results in the motion being deemed withdrawn.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R. HULL, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-03-1524 |
| | : |
| FRANK D. GILLIS, ET AL., | : (Judge Kosik) |
| | : |
| Defendants | : |

## O R D E R

**NOW, THIS 7th DAY OF OCTOBER, 2005,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion to amend (Doc. 62) is denied.

2. Plaintiff's motion for preliminary injunction (Doc. 79) is deemed withdrawn.

3. Defendants' motion for extension of time (Doc. 83) is granted nunc pro tunc. The brief in opposition filed by defendants on April 18, 2005 (Doc. 87) is deemed to be timely submitted.

4. Plaintiff's motion for reinstatement of pre-trial conference (Doc. 84) is denied as premature.

                                                              s/Edwin M. Kosik
                                                        United States District Judge