UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R. HULL, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-03-1524 |
| FRANK D. GILLIS, et al., | : (Judge Kosik) |
| Defendants | : |

**M E M O R A N D U M**

**I.   Background**

     This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Donald R. Hull, an inmate currently confined at the State Correctional Institution at Fayette, Pennsylvania.  The matter proceeds on an amended complaint filed on October 10, 2003.  Defendants are various officials and employees at the State Correctional Institution at Coal Township, Pennsylvania, Hull's former place of incarceration, as well as Department of Corrections and Pennsylvania Board of Probation and Parole officials.  In the amended complaint, Hull contends that his constitutional rights were violated when (1) he was continuously denied the opportunity to be heard at his parole staffings; (2) prejudicial and discriminatory information was placed in his institutional record to thwart his parole release efforts; (3) he was subjected to retaliation for seeking redress; (4) the Ex Post Facto clause was violated with regard to his second parole hearing due to his refusal to participate in a sex offenders

program; and (5) participation in Drug and Alcohol Treatment programs was made a requirement when such had not been ordered by the sentencing judge. Hull seeks damages as relief.

This protracted case was stalled in discovery for some time. Several discovery disputes have recently been resolved and discovery is closed.[1] Defendants filed a motion for summary judgment on October 4, 2004, which to date has not been opposed by Hull. Rather, Hull continuously files motions which include a motion for injunctive relief, a motion to plead special matters, a motion to reinstate a pretrial conference and a motion to compel discovery and for sanctions. In a previous Order, the court deemed the motion for injunctive relief withdrawn pursuant to M.D. Pa. Local Rule 7.5 due to Hull's failure to file a supporting brief. Further, the motion to reinstate a pretrial conference was denied as premature. (Doc. 99.) Presently before the court are Hull's motion to plead special matters (Doc. 81) and his latest motion to compel (Doc. 90). For the reasons that follow, the motion to plead special matters will be denied, and the motion to compel and for sanctions will be granted in part and denied in part. No further discovery will be permitted in this case, and Hull will be

---

[1] On March 17, 2005, the court issued a lengthy Memorandum and Order addressing discovery matters in this case. (Doc. 82.) While a motion to compel discovery filed by Hull was denied, defendants were directed to make arrangements with the appropriate officials at SCI-Fayette to allow Hull to inspect documents referenced in the court's Memorandum that they had previously agreed to produce to Hull.

2

afforded forty-five (45) days within which to file his brief, statement of material facts and evidentiary materials in opposition to defendants' pending summary judgment motion. The failure to do so will result in the motion being deemed unopposed.

## II. **Motion to Compel/for Sanctions** (Doc. 90)

Plaintiff maintains that defendants failed to adhere to the mandates of this court's March 17, 2005 Memorandum and Order when they were directed to make available various documents for his inspection at SCI-Fayette. In addition, he seeks sanctions due to defendants defiance of the Order. As briefly noted above, the court issued a Memorandum and Order on March 17, 2005 addressing a motion to compel filed by Hull. While the motion was ultimately denied, defendants were directed to provide various documents for Hull's inspection. It appeared that many of these requested discovery documents had previously been made available to Hull for his inspection while housed at SCI-Coal, and plaintiff had either decided he did not need to inspect the documents or opted to send cash slips for job specifications and then never did. While this was unknown to the court when ruling on the motion to compel and out of an abundance of fairness to this pro se litigant, the court directed to defendants to forward the agreed upon discovery to SCI-Fayette to enable Hull to once again have the opportunity to inspect the documents.

Apparently, in response to the March 17, 2005 Order, defendants contacted Kandis Dascani, Assistant to the Superintendent at SCI-Coal Township, and informed

3

her of the documents that needed to be forwarded to SCI-Fayette for inspection by Hull. (Doc. 95, Ex. B.) Correspondence concerning the court's March 17, 2005 discovery order and the fact that Dascani would be forwarding documents was sent by defendants to Carol Scire, Assistant to the Superintendent at SCI-Fayette. (Id., Ex. B, ¶ 3, Ex. 1). Scire was informed that not only would these documents being forwarded by Dascani need to be produced for inspection by Hull, but also certain portions of his inmate files.

On April 11, 2005, Hull did inspect the packet of documents forwarded by SCI-Coal Township. He apparently was not provided with the portions of his inmate file as he should have been. Defendants maintain that this was purely an oversight on the part of SCI-Fayette. Defendants state that portions of Hull's DC-14 and DC-15 are at SCI-Fayette and available for his inspection in accordance with the March 17, 2005 Order. As such, the acting Assistant to the Superintendent will be directed to make these documents available to Hull for inspection within ten (10) days from the date of this Order.[2]

---

[2] To the extent Hull seeks sanctions in this case, his request will be denied. Sanctions are appropriate only in exceptional circumstances. See Doering v. Union County Bd. Of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988). The imposition of sanctions for abuse of discovery is a matter within the discretion of the trial court. See Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995). In the instant case, there is no indication of bad faith on the part of defendants with regard to the lack of production of a portion of his inmate files. At best, it appears that a misunderstanding on the part of SCI-Fayette is to blame.

### III.   <u>Motion to Plead Special Matters of Retaliation</u> (Doc. 81)

On March 17, 2005, Hull filed a motion seeking to plead "special matters of retaliation by defendants and their subordinates." While not specifically labeled as such, Hull's motion appears to be a request for leave to supplement his amended complaint with additional claims. This motion, filed a year and a half after the amended complaint, attempts to set forth new access to the courts/retaliation claims by SCI-Coal defendants. The motion also alleges claims against non-defendant SCI-Fayette staff members for improper assessment for Alcohol and Drug treatment and programming, and their refusal to contact his attorney with regard to this issue. For the reasons that follow, Hull's motion will be denied.

Hull first contends that defendants and their subordinates violated his First Amendment right of access to the courts when then failed to ship his legal property upon his transfer from SCI-Coal Township to SCI-Fayette on or about January 25, 2005. He maintains that defendants retaliated against him by not shipping his legal property in an effort to intentionally and deliberately obstruct his ability to file appeals with the Third Circuit Court of Appeals. He claims he made an inquiry to the SCI-Fayette mailroom on February 22, 2005, about receiving any legal property from SCI-Coal Township but was informed none had been received. A later inquiry made on February 28, 2005 yielded the same response. He was told by the Assistant to the Superintendent at SCI-Fayette to contact SCI-Coal Township. Hull thereafter

5

filed a grievance with SCI-Coal Township on March 1, 2005, which he states received no response.  In addition, Hull filed a motion for extension of time with the Third Circuit Court of Appeals on March 4, 2005, regarding an appeal he wished to pursue there due to his lack of legal property.

Hull further maintains that defendants Chismar and Mull intentionally and deliberately retaliated against him by not placing within his DC-14 and DC-15 files a January 2004 Drug and Alcohol Assessment that stated he was not in need of any further drug and alcohol programming.  He claims that said defendants were responsible for making sure his records were all in order prior to his transfer, but following his transfer to SCI-Fayette he discovered in late January 2005 that the January 2004 Assessment had not been placed in his record.  He is now experiencing problems with the SCI-Fayette staff due to this deliberate and retaliatory omission in that he has been reassessed and found to be in further need of Drug and Alcohol programming.  Despite Hull's contention that SCI-Coal Township assessed him and found no further treatment to be necessary, SCI-Fayette officials will not change their decision and refuse to contact Hull's attorney.

In opposing Hull's motion, defendants submit the declarations made under penalty of perjury of Kandis Dascani, Assistant to the Superintendent at SCI-Coal Township; Carol Scire, Assistant to the Superintendent at SCI-Fayette; and Joan Mann, Drug and Alcohol Treatment Services Supervisor at SCI-Fayette.  (Doc. 87,

6

Exs. A-C.) These declarations establish that Hull was transferred from SCI-Coal Township to SCI-Fayette on January 25, 2005. In accordance with Department of Corrections policy, he was permitted to ship two boxes of property on the transport vehicle. It is up to the inmate to select which materials he wants shipped with him. Additional boxes of excess property are permitted to be shipped by the least expensive common carrier available to the receiving institution or to an address outside the prison system. It is the inmate's responsibility to cover the costs for shipping the excess property to either another institution or a non-prison address. (Doc. 87, Ex. A, Dascani Decl., ¶¶ 3-5.)

When Hull was transferred, he had excess property which was placed in storage at SCI-Coal Township because Hull did not have funds to pay for shipping to SCI-Fayette. Although he submitted several Inmate Request to Staff Member Forms in February 2005 to SCI-Fayette staff regarding this matter, he never contacted SCI-Coal Township regarding the excess property until March 1, 2005. (Id. ¶ 8.) On March 9, 2005, SCI-Coal Township received a grievance regarding the excess property which Hull claimed included legal materials. Because of this claim, SCI-Coal informed Hull his excess property would be shipped to him at SCI-Fayette and his inmate account charged. The excess property was shipped out on March 30, 2005 and received by SCI-Fayette on April 1, 2005. (Id. at ¶ 10.) On April 8, 2005, Hull was given the opportunity to sort through the property to determine what would be

placed in storage. (Doc. 87, Ex. B, Scire Decl. at ¶ 6.)

The declarations and attached exhibits further reveal that prior to Hull's transfer to SCI-Fayette, he was assessed regarding his Alcohol and Drug ("AOD") programming. (Doc. 87, Ex. C, Mann Decl. at ¶ 9.) Regardless of this fact, AOD assessment upon an inmate's transfer to another institution occurs in order to assure that the inmate's programming is effective and that intervening events such as drug or alcohol related conduct has not taken place. Reassessment also serves the purposes of making sure information in the transferee's record is accurate, allows an inmate to review his history and provides the opportunity for an inmate to participate in new AOD programming. (Id., ¶ 8.) No recommendations can be made for any AOD programs until an assessment interview has taken place.

Hull was interviewed by SCI-Fayette's AOD staff on January 27, 2005 regarding treatment and programming. Based upon the nature of his charges and his drug and alcohol abuse history[3], his programming included participation and completion of the AOD Program. (Id., ¶ 11.) He participated in the interview and provided information utilized in his evaluation. SCI-Fayette AOD staff recommended that Hull continue to participate in AOD programming.

On January 31, 2005, Hull submitted an Inmate Request to Staff Member

---

[3] Hull pled guilty to Involuntary Deviate Sexual Intercourse and Aggravated Assault. He was under the influence when he committed this offense. (Id., Mann Decl., Ex. 1.)

8

regarding his AOD assessment. Mann responded on February 8, 2005, informing him that further evaluation indicated a need for AOD treatment. Mann met with Hull and also told him that no documentation could be located to support his conclusion that no further programming was required.

In ruling on Hull's instant motion to plead special matters, the court first finds that to the extent Hull wishes to add these claims to the instant action, such is not appropriate. While these issues do concern matters which occurred following the filing of the instant complaint, and at least some of the claims are set forth against defendants who are already named in this action, the issues presented are more properly pursued as new causes of action and are not of the related "supplemental nature" contemplated by Federal Rule of Civil Procedure 15(d).

Even if the court were to allow the claims, they do not appear to have merit. First, the legal property issue appears to be resolved and therefore moot. To the extent Hull seeks damages, it does not appear that he has established the denial of access to the courts. Pursuant to Lewis v. Casey, 518 U.S. 343, 351-52 (1996), an inmate alleging a denial of access to the courts must show that he suffered an actual litigation related injury or legal prejudice due to the actions of defendants. In the instant case, due to the lack of his legal property Hull had to seek an enlargement of time with the Third Circuit to file an appeal regarding this court's January 24, 2005 Order denying his motion to compel. The docket in this case reveals that a Notice of

9

Appeal was filed on April 13, 2005 (Doc. 81).  Further, the alleged "harm" involved delay in challenging a discovery matter, not a challenge to his conviction, sentence or condition of confinement.  Further, any delay in Hull's receipt of the legal property from SCI-Coal Township is attributable to Hull himself.

With regard to the issue of the AOD programming and any alleged retaliatory conduct on the part of defendants, it does not appear that Hull can meet the requirements of setting forth a claim as he has no protected right to participate or not participate in a correctional program.  Pursuant to <u>Rauser v. Horn</u>, 241 F.3d 330, 333-34 (3d Cir. 2001), a plaintiff must demonstrate that the retaliatory conduct was constitutionally protected.  Further, even if such documentation exists wherein SCI-Coal Township recommended no AOD treatment on January 24, 2004, Hull was reassessed by SCI-Fayette AOD staff who found further treatment warranted following their evaluation and interview of Hull.

Based on the foregoing, the motion to plead special matters will be denied. Plaintiff will be directed to file his brief, statement of material facts and evidentiary materials in opposition to defendants' summary judgment motion within forty-five (45) days from the date of this Order.  This should afford Hull sufficient time following his review of the outstanding discovery documents to prepare and file his opposition.  An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD R. HULL, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-03-1524 |
| | : |
| FRANK D. GILLIS, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**O R D E R**

  **NOW, THIS 9th DAY OF MARCH, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion to Compel and for Sanctions (Doc. 90) is **granted in part and denied in part**. The motion is granted only to the extent that the acting Assistant to the Superintendent at SCI-Fayette is to make available for inspection to Hull those portions of his inmate file referenced above within ten (10) days. Plaintiff's request for sanctions is denied.

2. Plaintiff's Motion to Plead Special Matters (Doc. 81) is **denied**.

3. Within forty-five (45) days from the date of this Order, Plaintiff shall file his brief, statement of material facts and evidentiary materials in opposition to Defendants' pending summary judgment motion. The failure to do so will result in the motion being deemed unopposed.

              s/Edwin M. Kosik
              United States District Judge